Final case on our argument calendar today is Acun v. Merrill Lynch and we have Mr. Acun. Good morning your honor. Good morning. And Ms. Hartman. Good morning your honor. Good morning. All right Mr. Acun you're up first. I see you've Thank you. May it please the court. My name is Soner Acun. I'm the plaintiff appellant in this case. Second circuit has classified preliminary binding agreements into two types. In the first type of preliminary binding agreement, parties agree on all of the terms of the agreement and agreement commits parties to their ultimate contractual objectives. Existence of an open material term that requires future discussions and approvals would qualify the preliminary agreements as the second type of preliminary binding agreement which does not commit the parties to their ultimate contractual objective but rather commits the parties to negotiate the open issues in good faith to reach a final agreement. In this case the record is clear that there was at least one material term that was left open for future discussions and approvals and parties have not reached an agreement on on that open material term. District court's analysis overlooked the portion of the record that is related to the open material term that required future discussions and approvals and treated February 1st 2019 oral settlement agreement as if all of the terms were agreed by both parties. But excuse me sir, didn't the judge at the settlement conference ask everyone is this a binding agreement? Have you agreed on all the material terms? Have the parties in describing the agreement left out any material terms? And everyone said yes. That's correct. I'm sorry that I don't understand why you say that the agreement was not final as to what was said. There may have been other things that the parties could have included in a written agreement if they agreed on them but the parties didn't agree on anything else and that's fine. You're not bound by anything that was in the drafts or anything that was in a written agreement that you didn't sign but why isn't it the case that the parties agreed on what they agreed on and said that was final and we're going to try and write it up and maybe if we write up something and add something that'll be added but there's nothing to say that this isn't the final thing. There's nothing that says we still have open issues to talk about. Well in the recitation of the material term it is in the record that as a material term it was left open whether Merrill Lynch would be providing a release to the plaintiff and how material terms was an open term so that requires future discussions and approval so it is essentially an agreement to agree to further negotiate in good faith to reach a final agreement that is textbook definition of a type two binding preliminary agreement. So a district court's analysis overlooked the portion of the record that is related to the open material term that required future discussions and approval and treated February 1st, 2019, oral settlement agreement as if all of the terms were agreed by both parties. As a result, district court erred by enforcing the oral settlement agreement. I think your time is up but you have one minute for rebuttal. You can finish up then if you have a thing you'd like to add in addition to responding to Ms. Hartman. Okay, Ms. Hartman, you're up. Go ahead. Thank you. May it please the court. I'm Rima Hartman. I'm here appearing on behalf of appellant Sonar Ajun entered into an enforceable oral agreement on the record in open court and then he changed his mind and he has spent the past two years seeking to extract himself from that oral enforceable agreement. Magistrate Judge Netburn concluded that a valid oral agreement arose at the settlement conference on February 1, 2019. District Judge George Daniel reached the same conclusion adopting Judge Netburn's report and recommendation in full. The standard of review here is clear error and there has been no clear error here and indeed points to none. February 1st, 2019, that's the day that the enforceable contract came into being. So, that's the day that's relevant here. Appellant was represented by able counsel. The parties negotiated for hours. Ultimately, the magistrate judge put the oral agreement on the record and it was absolutely unmistakable and unequivocal. We've quoted it at length in our brief. The question here is whether it was clear error for the district court in light of the statements that were made on that record to conclude that the parties intended to be bound. It's not a leap to make that conclusion because that's the words that were used. That's the affirmation that is on the actual record that there will be a binding and enforceable oral agreement, an enforceable oral contract. These are all of the material terms. And Mr. Ajun, repeatedly, she says, Judge Netburn says, I ask each party to enter this agreement. It will be binding and enforceable. Do you understand? He says, I do. Do you accept the material terms? I accept them. And you understand by accepting these terms, you're entering into a binding and enforceable oral agreement. Yes, I do. So, appellant likes to gloss over those very, very plain statements in the record, but those are the statements that create the contract he's seeking to avoid. As your honor, Judge Lynch just indicated, I mean, the parties did intend to memorialize the agreement in a writing. We tried to do so, but the boilerplate of Merrill Lynch's standard agreement was off-putting to appellants, so we never got there. We never were able to memorialize the agreement. We don't have to have a written document. The oral agreement made in open court remains enforceable. The district court properly applied all of the Winston factors below, and all of them militate in favor of finding an enforceable oral agreement. Appellant has pointed to the mention on the record of the idea that Merrill would consider providing a release. That was indeed mentioned, but it was not a condition precedent to the that there would be no deal without that, and certainly it was not clear error for Judge Netburn, who was there, to find that the parties affirmed all the material terms on the record, and that the mention of a possible mutual release was not an open material term, and it was not clear error. Am I right that the Merrill Lynch draft actually did include a release? Yes, your honor, you are correct. So I, you know, I can't really say it any better than Judge Daniel did. Because plaintiff was present and represented by counsel during the settlement negotiation, he expressly indicated his assent on the record to the terms of the settlement agreement. The record supports the finding that the parties intended to be found. There are lots and lots of cases that are cited in our brief. There's even one just six or eight months ago from the second circuit affirming these And I just want to address two, well, at least one other thing since since Klamath raised it for the first time in his reply brief. In the conclusion of his reply brief, Klamath argues that he should be provided interest should the settlement agreement be affirmed or the enforcement of the settlement be affirmed. But first of all, that argument is waived because it was not made in his opening appellate brief. He's never made that argument before. Secondly, there's no basis to award interest here and he's cited none. Third, Merrill was ready and willing to pay this settlement two years ago. It was appellant who caused the delay. And in the event that the court affirms the ruling below the oral agreement stands and Merrill will pay according to the terms there. And unless the panel has questions for me, I will conclude by presentation. There was no clear error here and we urge the panel to affirm. Thank you, Ms. Hartman. Mr. Rajun, you have one minute in rebuttal. Thank you. Ms. Hartman cited that plaintiff changed his mind. One week after the settlement conference, Merrill Lynch provided a written proposed settlement agreement. In that, Merrill Lynch unilaterally changed a material term that parties agreed and captured on record. The term was confidentiality clause and they changed it into a far more restricted form and insisted on not revising back to its original form that parties agreed to. And you didn't agree to that, right? Well, yeah, but I did. So that's not part of what was agreed, if you're right, and I assume you are, that that's not part of what was agreed to on the record. That's not part of the agreement that the district court enforced because the district court enforced what was on the record, right? That's correct, Your Honor. But doing that and turning back that plaintiff changed his mind saying that it is, I am rebutting that. Maybe they tried to put one over on you. That's fine. And then you said no and you caught them. And then that wasn't part of the agreement. And they added many other terms that were not. And you're perfectly entitled to reject what they wrote. I agree with that. Exactly. Thank you. But that brings us back to where we are at the end of the settlement conference. Yes. And the release term that Mayor Lynch provided later on was not, it's pretty much saying that we give you a release except for the times that we don't want to. So it's not the exact wording, but it was a release term that doesn't provide much protection. So as a result, I was not the one who was causing the delay. Mayor Lynch unilaterally changed the material term, insisted on not revising it back to its original form, added many additional terms that parties did not discuss and agree. Okay. Now I understand what you're saying. I get it. Thank you. And then Mayor Lynch turns back and says that plaintiff was the one who changed his mind and delayed the process, which is extremely unfair and untrue. All right. Thank you very much to both of you. We will reserve decision. Have a good day. Thank you, Your Honor. Thank you. So that completes the argument calendar for today. We will take Bacchus v. Maple Pro Inc. on to our court clerk, Ms. Rodriguez, and to the other court staff for helping us today. I'll ask her to adjourn court. Court is adjourned.